NORTHCUTT, Judge.
We reverse the final judgment terminating S.S.’s parental rights because she was not given accurate notice of the consequences of failing to personally appear at the advisory hearing.
On October 29, 1998, S.S. was served with a petition by the Department of Children and Families to terminate her parental rights to two children, along with a notice of an advisory hearing to be held November 13, 1998. The notice included the following statement:
FAILURE TO RESPOND TO THIS NOTICE OR TO APPEAR AT THIS TERMINATION OF PARENTAL RIGHTS ADVISORY HEARING CONSTITUTES CONSENT TO THE PETITION FOR TERMINATION OF PARENTAL RIGHTS AND WILL RESULT IN LOSS OF CUSTODY OF THE CHILD AND TERMINATION OF YOUR PARENTAL RIGHTS.
(Emphasis supplied.) For the most part, this language generally conformed to the notice requirements of section 39.462(l)(a), Florida Statutes (1997), and the pre-Octo-ber 1998 version of Florida Rule of Juvenile Procedure 8.505(b).[1]
Effective October 1, 1998 — four weeks before S.S. received the notice containing the foregoing language — the legislature altered the requirement for notice of an advisory hearing in a termination of parental rights proceeding. The lawmakers amended section 39.462 and transferred it to section 39.801, Florida Statutes (Supp. 1998). See ch. 98-403, § 83, at 2195, Laws of Fla. The amended statute now provides that
[t]he document containing the notice to respond or appear must contain, in type at least as large as the type in the balance of the document, the following or substantially similar language: “FAILURE TO PERSONALLY APPEAR AT THIS ADVISORY HEARING CONSTITUTES CONSENT TO THE TERMINATION OF PARENTAL RIGHTS OF THIS CHILD (OR CHILDREN).”
§ 39.801(3)(a), Fla. Stat. (Supp.1998) (emphasis supplied). The Florida Supreme Court promulgated a similar amendment to rule 8.505(b), also effective October 1, 1998.
S.S. did not personally appear at the November 13 advisory hearing, but her attorney attended on her behalf. He pointed out that the language in the notice did not conform to the October 1998 amendments. Nevertheless, the circuit court declared S.S. in default for failing to attend in person and, in reliance on that procedural consent, eventually rendered judgment terminating S.S.’s parental rights.
This was error. We have held that a parent’s appearance through counsel at the advisory hearing was sufficient to avoid default under the pre-October 1998 statute and rule. See In the Interest of E.L., 732 So.2d 37 (Fla. 2d DCA 1999). C.f In the Interest of M.M., 708 So.2d 990, 992 (Fla. 2d DCA 1998). Assuming, without deciding, that the October 1998 amendments precluded appearances through counsel, it is clear that the notice given to S.S. did not inform her of such. The language in the notice was not “substantially similar” to that required by the statute and rule because it omitted vitally important information. The notice was fatally defective, and the circuit court erred by declaring S.S. in default.
*578 Reversed and remanded for further proceedings.
WHATLEY, A.C.J., and CASANUEVA, J., Concur. .

. The rule prescribed notice language that also advised the respondent that she could respond to the petition in writing. The notice given to S.S. failed to mention this.