PARKER, Chief Judge.
J.C. (the mother) appeals the final order of adjudication of dependency as to her minor children, J.J.K. and T.K., arguing that the trial court erred in denying her motion to withdraw her no contest plea to the dependency charges. We reverse.
In 1997, the Department of Children and Family Services (Department) filed a dependency petition alleging that the minor children were dependent. The petition was filed subsequent to the entry of a shelter order.
At the dependency arraignment, the mother entered a plea of no contest to the dependency charges, without the benefit of counsel. Thereafter, the mother filed a motion to withdraw her plea asserting that she was not competent to understand her rights and the consequences of her plea.
This court’s review of the record reflects that the trial court failed to satisfy Florida Rule of Juvenile Procedure 8.320 concerning J.C.’s right to counsel. The trial court’s brief mention of the right to counsel was insufficient to ascertain whether the *332 right to counsel was understood. The trial court completely failed to determine whether the mother’s waiver of counsel was made knowingly, intelligently, and voluntarily. See In the Interest of S.H., 642 So.2d 809 (Fla. 2d DCA 1994); McKenzie v. Department of Health & Rehabilitative Servs., 663 So.2d 682 (Fla. 5th DCA 1995). The trial court’s failure takes on added significance in this case, where the court was later informed of the mother’s limited education and history of mental instability.
Further, the trial court erred in failing to permit the mother to withdraw her plea of no contest. Florida Rule of Juvenile Procedure 8.315(b) states:
The court may for good cause, at any time prior to the beginning of a disposition hearing permit an admission of the allegations of the petition or a consent to dependency to be withdrawn and, if an adjudication has been entered thereon, set aside such adjudication. In the subsequent adjudicatory hearing the court shall disregard an admission or consent that has been withdrawn.
In this case, the trial court’s denial of the mother’s motion to withdraw her plea constitutes error because the trial court’s knowledge of the mother’s mental instability represented good cause.
Reversed and remanded.
QUINCE and WHATLEY, JJ., concur.