CASANUEVA, Judge.
C.M., the nineteen year old mother of D.M., a child three months old at the inception of this dependency proceeding, appeals the final order finding the child dependent as to her, contending she was denied her right to counsel. After reviewing the record, we find her contention meritorious and reverse.
The appellee, State of Florida, Department of Children and Families (the Department) petitioned to place D.M. in shelter care, alleging that C.M. had physically abused D.M. by slapping and bruising the infant. The Department also alleged that C.M. had mental health problems and refused to take her prescribed medication. At the hearing the trial court sheltered the child in the care of C.M.’s husband, D.M.’s father, from whom C.M. was about to separate. The trial court also advised C.M. to appear for an arraignment eight days later. However, rather than offering her counsel or advising her of her right to counsel, the trial court said that at the arraignment she could either admit or *129 deny the allegations in the petition and, if she chose to deny them, she would have a right to a lawyer and the judge would appoint one for her if necessary.
In the dependency petition that the Department subsequently filed in anticipation of the arraignment, the Department alleged the facts of the physical abuse as before, and described C.M.’s mental health problems and her failure to take her prescribed medication. The Department alleged that this failure significantly impaired C.M.’s ability to properly parent D.M., and that the child was “at substantial risk of harm if left unsupervised in the mother’s care.” At the arraignment hearing, C.M. appeared with a supply of medication and the trial court inquired as to the “little bottles” she was holding. She responded that they contained her daily medication and that she was taking one every morning. Without further inquiry about the medication and the effect it had on C.M., the court then asked her if she understood the petition. Upon receiving an affirmative answer, the court immediately solicited a plea. C.M. entered a plea of no contest, which was followed by a brief discussion of whether C.M.’s medication was properly working. The child’s paternal great aunt, with whom the child, the father, and C.M. had been living before C.M. moved out, and who was also present at the hearing, then informed the court that C.M. took the medication in the morning but, by early evening, she was just as irrational as she was before she took it. The record reflects no further discussion of this subject; rather, the trial court inquired whether C.M. realized that by entering her plea she was giving up her right to be represented by a lawyer and her right to a trial. The court’s inquiry continued by asking whether she wanted to relinquish these rights and whether she was satisfied that this was the best thing for the child. C.M. answered “yeah.” Prior to this colloquy, the record contains no mention of a right to counsel, of any presence of retained counsel, of any waiver of counsel, or whether she had read the petition or could read. Although the appellate record does contain a form entitled “Waiver of Legal Counsel,” which appears to bear C.M.’s signature, the transcript of the arraignment hearing contains no mention of this form. Thus, we are unable to ascertain whether C.M. actually read and comprehended its contents. Furthermore, there is no record discussion of C.M.’s medication and whether it affected her comprehension of the events that transpired.
The disposition hearing was held six weeks after the arraignment. At this hearing, there was a discussion of C.M.’s medication and her possible diagnoses, as well as her duties pursuant to the proposed disposition order, which allowed her supervised visitation while the child continued in the custody of the father. However, the trial court never discussed the right to counsel nor did it offer counsel to C.M. After the dispositional order was entered, C.M. timely appealed.
As this factual recitation shows, at each stage of the proceedings the trial court failed to properly advise C.M. of her right to counsel. Because a parent possesses a constitutionally protected interest in preserving the family unit, both the federal and Florida constitutions recognize a fundamental right to counsel in these proceedings. See In the Interest of D.B. & D.S., 385 So.2d 88, 90 (Fla.1980); In the Interest of R. K., 535 So.2d 312, 314 (Fla. 2d DCA 1988). In recognition of this right, Florida Rule of Juvenile Procedure 8.320[1] places upon a trial court the duty at *130 each stage of the dependency proceeding to advise a parent of the legal right to have counsel present. The trial court is also required to ascertain whether the right to counsel is understood by the parent. An indigent parent is entitled to appointed counsel unless the indigent parent waives that right. Where it appears that a parent is unable to make an intelligent and understanding choice as to the appointment of counsel, a trial court cannot accept a waiver. See rule 8.320(b)(1). The trial court must question a parent/party in sufficient detail on record to confirm a knowing, voluntary, and intelligent waiver of counsel. See rule 8.320(b)(2).
Although at the arraignment the trial court briefly mentioned C.M.’s right to counsel, this perfunctory comment failed to fulfill the trial court’s duty to advise C.M. of her right to counsel and what this right entails. As in J.C. v. Department of Children & Family, 716 So.2d 331 (Fla. 2d DCA 1998), the trial court failed to determine whether this mother’s waiver of counsel was made knowingly, intelligently, and voluntarily. The records of the shelter and dispositional hearings, like the arraignment hearing, reflect the identical problem coupled with the trial court’s failure to advise C.M. of her right to counsel.
The trial court’s failure to fully comply with rule 8.320 was exacerbated by the evidence before the court suggesting C.M.’s emotional instability. This suggestion appeared at the very earliest point of the proceedings, the shelter petition, and at every stage thereafter. At no time was an appropriate inquiry made about C.M.’s medication and its impact, if any, upon her mental state, the voluntary nature of her plea, or her full understanding of the plea’s consequences. See S.H. v. Department of HRS, 642 So.2d 809 (Fla. 2d DCA 1994).
Accordingly, we reverse the final order of dependency and remand with instructions to permit C.M. to withdraw her plea, to advise her of her right to appointed counsel, and to conduct subsequent proceedings iit full compliance with rule 8.320.
PATTERSON, C.J., and SALCINES, J., Concur.

. Florida Rule of Juvenile Procedure provides as follows:
Rule 8.320. Providing Counsel to Parties (a) Duty of the Court.
(1) At each stage of the dependency proceeding the court shall advise the parent of the right to have counsel present.
(2) The court shall appoint counsel to indigent parents or others who are so entitled as provided by law, unless ap *130 pointment of counsel is waived by that person.
(3) The court shall ascertain whether the right to counsel is understood.
(b) Waiver of Counsel.
(1)No waiver of counsel shall be accepted where it appears that the party is unable to make an intelligent and understanding choice because of age, education, experience, the nature or complexity of the case, or other factors.
(2) A waiver of counsel made in court shall be of record. The court shall question the party in sufficient detail to ascertain that the waiver is made knowingly, intelligently, and voluntarily.
(3) If a waiver is accepted at any stage of the proceedings, the offer of assistance of counsel shall be renewed by the court at each subsequent stage of the proceedings at which the party appears without counsel.