853 So.2d 1084 (2003)
A.M. and Z.M., Appellants,
v.
DEPARTMENT OF CHILDREN AND FAMILIES, Appellee.
Nos. 4D03-662, 4D03-914, 4D03-885, 4D03-913.
District Court of Appeal of Florida, Fourth District.
June 25, 2003.
Rehearing Denied September 26, 2003.
Kathleen K. Pena of Law Offices of Kathleen K. Pena, Fort Lauderdale, for appellant A.M.
Denise E. Kistner of Law Offices of Denise E. Kistner, P.A., Fort Lauderdale, for appellant Z.M.
No appearance for appellee.
PER CURIAM.
The trial court entered a default against parents of S.M. who were late for a hearing in their termination of parental rights case filed against them by the Florida Department of Children and Families. Because they were mistaken about the public transportation schedule, the parents arrived at the courthouse about one hour after their hearing was to begin. The *1085 default had the effect of consenting to the termination of their parental rights. The trial court held a hearing on the parents' motion to set aside the default, and denied the motion.
This court recently decided two strikingly similar cases. See A.J. v. Dep't of Children and Families, 845 So.2d 973 (Fla. 4th DCA 2003); R.P. v. Dep't of Children and Families, 835 So.2d 1212 (Fla. 4th DCA 2003).
Significant in the present case, as in R.P., this court discussed section 39.801(3)(d), Florida Statutes, explaining that although the statute authorizes a default at the advisory hearing in termination of parental rights cases,
courts should ordinarily refrain from determining a termination of parental rights by default where an absent parent is making reasonable effort to be present at the scheduled hearing and is delayed by forces or circumstances beyond the parent's control.[1]
835 So.2d at 1214.
We find the refusal to vacate the default an abuse of discretion.
REVERSED.
STONE, FARMER and HAZOURI, JJ., concur.
NOTES
[1] Section 39.801(3)(d), Florida Statutes (2001), provides "If the person served with notice under this section fails to personally appear at the advisory hearing, the failure to personally appear shall constitute consent for termination of parental rights by the person given notice."