DAVIS, Judge.
P.C., the mother, challenges the circuit court order terminating her parental rights to her son, S.C. The mother also appeals the circuit court’s denial of her motion to set aside the default. We affirm both orders without comment. We write, however, to clarify the statutorily prescribed result of a parent’s failure to appear at an adjudicatory hearing for termination of parental rights.
Section 39.801(3)(d), Florida Statutes (2002), provides in part:
If a parent appears for the advisory hearing and the court orders that parent to personally appear at the adjudicatory hearing for the petition for termination of parental rights, stating the date, time, and location of said hearing, then failure of that parent to personally appear at the adjudicatory hearing shall constitute consent for termination of parental rights.
(Emphasis added.) See also Fla. R. Juv. P. 8.525(d).
When the mother failed to appear for the adjudicatory hearing, the trial court used what appears to be a default proceeding whereby, upon motion by counsel for the Department of Children and Family Services, the clerk signed and entered a *218 “default.” This type of procedure usually is reserved for civil proceedings where a party fails to file a required pleading. See Fla. R. Civ. P. 1.500.
While interchanging the words “consent” and “default” may be acceptable,[1] nothing in the statute or rule allows the clerk of court to sign or enter a default against a parent who fails to appear. Rather, the statute contemplates that the court may consider the mother’s absence to be her consent to the petition and enter the final judgment accordingly.
Because the termination of the mother’s parental rights here was based on the court’s finding that the mother, by her absence, had consented to the allegations of the petition, as allowed by the statute, any error is harmless.
Affirmed.
FULMER and KELLY, JJ., concur.

. Although in In re C.R., 806 So.2d 646 (Fla. 2d DCA 2002), this court recognized the trial court’s authority to enter a default against a parent for nonappearance at an adjudicatory hearing in a termination proceeding, pursuant to a strict reading of the statutory language, “consent” is the preferred term. See also Fla. R. Juv. P. Forms 8.965 and 8.966 (providing that a parent’s failure to appear at an arraignment or an adjudicatory hearing on a petition for dependency may result in "consent by default”).