857 So.2d 310 (2003)
In the Interest of I.A., a minor child.
G.A., Appellant,
v.
Department of Children and Family Services, Appellee.
No. 2D02-5523.
District Court of Appeal of Florida, Second District.
October 10, 2003.
*311 Alyssa L. Katz of Michael P. Maddux, P.A., Tampa, for Appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Tanya E. DiFilippo, Assistant Attorney General, Tampa, for Appellee.
WHATLEY, Judge.
G.A., the father, appeals an order adjudicating his daughter, I.A., dependent. The order was entered after the trial court found G.A. in default for his failure to appear. We reverse.
On October 30, 2002, the Department of Children and Family Services (Department) filed its petition alleging that I.A. was dependent, and the case was set for arraignment on December 3, 2002, at 9:00 a.m. The transcript of the arraignment hearing reflects that the case was the eleventh case set on the docket that morning.[1] When the case was called, it was noted that the mother was present and that G.A. was in the restroom. After hearing from the parties who were present, the trial court ordered that the case be set for a status conference on January 28, 2003, so that an evaluation could be obtained.
Thereafter, the trial court began to call the next case, but then called all of the parties back, finding that G.A. was still not present. It was again noted that G.A. was in the bathroom. Pursuant to a motion by the Department, the trial court entered a default against G.A. for failing to appear. It was then noted that G.A. was walking in the courtroom. The trial court stated, "Well, that's too late. You can just appeal if you need to. The record reflects it's 20 minutes to 10:00. This thing was set for 9:00." G.A. thereafter made a motion to set aside the default which was denied.
We first note that although the trial court used the term "default," the term "consent" is the proper term to be used when a parent fails to appear at an arraignment hearing.[2] Section 39.506(3), Florida Statutes (2002), provides in part, "Failure of a person served with notice to personally appear at the arraignment hearing constitutes the person's consent to a dependency adjudication." Pursuant to the statute, the court is authorized to find that a parent consented to the adjudication of dependency after he or she failed to appear at arraignment after proper notice. *312 In re S.C., 2003 WL 21766512, 857 So.2d 217 (Fla. 2d DCA 2003) (holding that nothing in the statute allows the entry of a default against a parent who fails to appear and that "consent" is the preferable term).
In the present case, we conclude that the trial court abused its discretion in finding that G.A. consented to the adjudication of dependancy. In R.P. v. Department of Children and Families, 835 So.2d 1212 (Fla. 4th DCA 2003), a petition was filed seeking the termination of parental rights and the matter was set for an advisory hearing. At the beginning of the hearing, the father's attorney noted that, due to the fault of his office, the father was not told, until 5:45 p.m. the previous day, that it was necessary for him to be at the hearing. The attorney further noted that the father lived 200 miles from the court and did not have a vehicle. The attorney requested a brief continuance to allow the father time to appear. When the father had not yet arrived for the afternoon session, the father's attorney requested another continuance until his client's arrival, which request was denied. The trial court entered a default, thereby terminating the father's parental rights. Id. at 1213. The father arrived at the courthouse about one hour subsequent to the end of the hearing. Id.
The Fourth District held that the trial court's failure to grant a further continuance until the following day was an abuse of discretion. Id. The court noted that the trial court had been advised the father was en route, there was no indication of stalling or disregard by the father, the requested continuance was for a short time, and there was no showing that the continuance would have had adverse consequences to the child. Id. The Fourth District held that "courts should ordinarily refrain from determining a termination of parental rights by default where an absent parent is making reasonable effort to be present at the scheduled hearing and is delayed by forces or circumstances beyond the parent's control." Id. at 1214. See A.M. v. Dep't of Children and Families, 853 So.2d 1084 (Fla. 4th DCA 2003) (holding that trial court erred in refusing to vacate default judgment against parents who were one hour late to hearing because they were mistaken about the public transportation schedule).
In a similar dependency case, A.J. v. Department of Children and Families, 845 So.2d 973 (Fla. 4th DCA 2003), a petition for dependency had been filed against the parents, and the trial on the matter had begun but was continued until May 16, 2002, at 1:40 p.m. When the parents failed to appear, the mother's counsel noted that the parents took public transportation from Miami to the courthouse in Broward County. At 2:04 p.m., the trial court entered a default against the parents. In its written order, the trial court noted that the father arrived twenty-five minutes late for the trial. The mother arrived shortly thereafter. In reversing the trial court's order, the Fourth District held that the intent of a default provision is to ascertain that the object of the dependency petition is not defeated by the parents' disregard of the proceedings. Id. at 976. The court also noted that the purpose of the default provision in section 39.506(3), is "not to inject `gotcha' practices into the dependency process." Id.
In the present case, the trial court was informed that G.A. was in the restroom, and there is no indication in the record that this was not true. Further, G.A. appeared in the courtroom immediately after the trial court entered the default. There was no showing that a short continuance of the proceeding would have had adverse consequences to the child. In fact, the record reflects that the mother's case has *313 been since set for several status conferences, the last one noted in our record was set for April 29, 2003. As found by the court in R.P., "there was not a single valid reason to refuse the continuance, but several good ones to grant it." 835 So.2d at 1213. See J.B. v. Dep't of Children and Family Servs., 768 So.2d 1060, 1064 (Fla. 2000) ("The significance of the rights at issue here cannot be overstated.").
Accordingly, we reverse and remand this case for proceedings consistent with this opinion.
SALCINES and COVINGTON, JJ., Concur.
NOTES
[1] The record does not reflect the time the hearing actually began.
[2] The order states, "Default after service of notice and non-appearance."