858 So.2d 1184 (2003)
In the interest of B.B., C.B., and M.M.B., Minor children.
S.B., father, Appellant,
v.
Department of Children and Family Services, Appellee.
No. 2D03-66.
District Court of Appeal of Florida, Second District.
November 7, 2003.
Heather M. Gray, Riverview, for Appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Tanya E. DiFilippo, Assistant Attorney General, for Appellee.
ALTENBERND, Chief Judge.
This is the second in what may prove to be a series of cases reversing orders adjudicating children dependent or terminating parental rights based upon "defaults."[1] The first case was G.A. v. Department of Children & Family Services, 857 So.2d 310, 2003 WL 22316864 (Fla. 2d DCA Oct.10, 2003). These "defaults" are contrary to the Florida Rules of Juvenile Procedure. *1185 When parents arrive late to court or otherwise miss an arraignment hearing, a court cannot simply deprive people of their parental rights or place their child in dependency status without a measure of process beyond that received in these cases.
On March 22, 2002, the Department of Children and Family Services (DCF) filed a petition seeking emergency shelter of S.B.'s three children. The children were temporarily placed in foster care. The following day, the trial court found no probable cause for the petition and ordered DCF to return the children to S.B., their father.
On May 13, 2002, DCF filed a petition for an adjudication of dependency of the children as to both the mother and S.B. A dependency summons was served on S.B. for an arraignment hearing scheduled for June 18, 2002. Although the original summons in the record is slightly water-damaged, it appears to order S.B. to arrive for the hearing at 9 a.m.
The transcript of the arraignment hearing indicates that the hearing began at 8:30 a.m. Apparently, this case was one of many on a several-hour docket. From our record, we are not entirely certain that this specific hearing began after 9 a.m. S.B. was unrepresented by counsel at this stage in the dependency proceeding and was not present when his case was called. However, S.B. used his cell phone to call the cell phone of a DCF employee who was in the courtroom. He advised the employee that he was on his way. He claimed that he was stuck in traffic due to a rain storm. No one suggested that S.B. was providing false information to the court.
In response to this information, the trial court merely confirmed that S.B. had been served and requested that DCF move for a "default." DCF accommodated the court. Although the judge orally granted the default, a "clerk's default" was actually entered in the file.[2] This was the only order entered as a result of this hearing. The trial court did not enter an "order on arraignment and notice of next hearing" as contemplated by Florida Rule of Juvenile Procedure Form 8.965.[3]
The trial court did not appoint counsel to represent S.B. until October 2002. Shortly thereafter, S.B.'s counsel filed a motion to set aside the "default." S.B.'s counsel scheduled a hearing on this motion for December 3, 2002, at which he attempted to argue the default should be set aside. The trial court cut off counsel's argument and summarily denied the motion, even though S.B. was anxious to testify and to explain why he had arrived five minutes late for the hearing.
We will not repeat the discussion contained in our opinion in G.A. We understand that circuit courts in urban communities may find it necessary to schedule many arraignments in a single hearing. When parties arrive late or are otherwise unprepared to start on time, lengthy dockets are difficult to manage. As a result, we appreciate the trial courts' need to *1186 control their busy dockets. However, dependency arraignment hearings where many parties are unrepresented and all parties have already demonstrated that they have difficulty coping with life's normal burdens are an especially questionable place to rigidly impose "defaults" as a method of case management.
Furthermore, the trial court must follow the established rules of procedure. The dependency court is not empowered to enter a default. We recognize that section 39.506(3), Florida Statutes (2002), provides that a failure to appear at an arraignment hearing constitutes consent to the adjudication. A notice of this statutory provision was provided to S.B. in bold letters on the summons as required by the statute. The trial court was thus permitted to enter a "consent" order. The Rules of Juvenile Procedure, however, also required the trial court to schedule a disposition hearing within fifteen days. See § 39.506(3), Fla. Stat. (2002); Fla. R. Juv. P. 8.315(a). Form 8.965 provides the appropriate method for a trial judge to comply with rule 8.315. In this case, the trial court did not enter such an order and did not schedule a disposition hearing within fifteen days. Indeed, the court did not schedule a disposition hearing at all. A disposition order was not entered until January 17, 2003. That order adjudicating the child dependent indicated that the court had adjudicated the children dependent at the hearing held June 18, 2002, but referred to circumstances and proceedings dating both before and after the date of the arraignment to support the adjudication.
Rule 8.315(b) gives a party the right to seek to withdraw a consent "for good cause" prior to the beginning of the disposition hearing. See J.C. v. State, Dep't of Children & Family Servs., 716 So.2d 331 (Fla. 2d DCA 1998). When a consent is entered for nonappearance, a party should file a motion to withdraw the consent pursuant to this rule with a valid explanation for the absence.[4] In the alternative, a party may seek rehearing pursuant to Florida Rule of Juvenile Procedure 8.265. We can think of few better reasons to permit a party to withdraw such a consent or to obtain rehearing than a situation in which the consent was presumed solely because the parent was a few minutes tardy for court due to inclement weather. We therefore reverse the order adjudicating the children of S.B. dependent based upon his presumed consent and remand for further proceedings consistent with this opinion. This opinion does not require the trial court to give S.B. immediate custody or to alter current visitation rights, but the trial court must review these issues and make a lawful decision as soon as possible following issuance of our mandate.
Reversed and remanded.
SILBERMAN and CANADY, JJ., concur.
NOTES
[1] Although S.B. filed a notice of appeal indicating he was appealing an order denying his motion to set aside a default, we treat the notice of appeal as prematurely seeking review of the order adjudicating the children dependent, which was entered shortly after this appeal was commenced.
[2] This default is an odd document. It looks similar to the standard civil default form in Florida Rule of Civil Procedure 1.980, except it is not prepared by or served on a party. It includes a "motion for default" of S.B. that seems to be a motion by the clerk of court. The default is granted by a deputy clerk, not by the judge.
[3] The mother appeared for the arraignment hearing and was appointed counsel, although the counsel was not present at the arraignment. The mother apparently had custody of the children as a result of a domestic violence injunction, and this may explain why the trial court did not schedule a disposition hearing within fifteen days as required by Florida Rule of Juvenile Procedure 8.315(a).
[4] When a party is deemed to consent to a dependency proceeding by virtue of not appearing at an arraignment hearing, we are uncertain what steps the trial court must take to satisfy the "duty of the court" set forth in Florida Rule of Juvenile Procedure 8.320 to advise parents of the right to counsel, to appoint counsel to represent indigent parents, and to determine that the right to counsel is understood and waived only by way of specific procedures. We note that the summons advises the parents that counsel may be appointed at the arraignment hearing. We have some concern about a parent's ability to comply with rule 8.315(b) within fifteen days, if the parent has no attorney.