ALTENBERND, Chief Judge.
This is another case in which an order adjudicating a child dependent was entered based upon a “default.” In this case, the father was “defaulted” because he was thirty minutes late for a hearing under circumstances in which it was undisputed that the elevator to the courtroom had malfunctioned. The record indicates various parties and lawyers had been unable to reach the courtroom on time. The trial court denied a motion to set aside the default. For the same reasons that we *1177 reversed in G.A. v. Department of Children & Family Services, 857 So.2d 310, 28 Fla. L. Weekly D2329 (Fla. 2d DCA Oct.10, 2003), and S.B. v. Department of Children & Family Services, No. 2D03-66, 858 So.2d 1184, 2003 WL 22518060 (Fla. 2d DCA Nov.7, 2003), we reverse in this case. This opinion does not require the trial court to alter custody or current -visitation rights, but the trial court must review these issues and make a lawful decision as soon as possible following issuance of our mandate.
Reversed and remanded.
WHATLEY and CANADY, JJ., concur.