DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**M.B.,** the Father,
Appellant,

v.

**STATE OF FLORIDA, DEPARTMENT OF CHILDREN AND FAMILIES,**
Appellee.

No. 4D19-3631

[April 29, 2020]

Appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Shari Africk Olefson, Judge; L.T. Case No. 2007-5987 CJ-DP (G).

Bernard R. Appleman of the Law Office of Bernard R. Appleman, Fort Lauderdale, for appellant.

Ashley Moody, Attorney General, Tallahassee, and Carolyn Schwarz, Assistant Attorney General, Children's Legal Services, Fort Lauderdale, for appellee.

Thomasina F. Moore, Statewide Director of Appeals, and Samantha C. Valley, Senior Attorney, Statewide Guardian Ad Litem Office, Tallahassee, for Guardian Ad Litem Program.

PER CURIAM.

The trial court entered a constructive consent to termination of parental rights against the father shortly before he arrived fifty minutes late for his trial. The trial court then denied his motion to vacate the constructive consent. We reverse.

Section 39.801(3)(d), Florida Statutes (2019), expressly authorizes the entry of a consent to termination of parental rights based on a parent's failure to appear at the adjudicatory hearing. However, we have explained that "courts should ordinarily refrain from determining a termination of parental rights by default where an absent parent is making reasonable effort to be present at the scheduled hearing and is delayed by forces or circumstances beyond the parent's control." *A.M. v. Dep't of Children &*

*Families*, 853 So. 2d 1084, 1085 (Fla. 4th DCA 2003) (quoting *R.P. v. Dep't of Children & Families*, 835 So. 2d 1212, 1214 (Fla. 4th DCA 2003)). "Courts have made a distinction between parents who fail to appear at a hearing without a reasonable explanation versus those who have made some reasonable effort to be present." *B.H., SR. v. Dep't of Children & Families*, 882 So. 2d 1099, 1100-01 (Fla. 4th DCA 2004).

Here, the father was late because his car broke down the day before trial and he was unable to find a prompt ride the next morning. We appreciate the trial court's frustration with the father's lack of diligence in securing reliable transportation. However, constructive consents to TPR are disfavored and properly supported motions to vacate should be "liberally granted." *In re A.N.D.*, 883 So. 2d 910, 915 (Fla. 2d DCA 2004). The father made a reasonable effort to be present, and, therefore, his motion to vacate should have been granted.

Moreover, under these facts, it is not clear to us that the father failed to establish a meritorious defense to abandonment, where the case plan failed to specify a support amount and/or a frequency of visitation, and where the father visited the child with some regularity and provided some in-kind support to the caregiver after the case plan was entered.

Accordingly, we reverse and remand for further proceedings.

*Reversed and remanded.*

LEVINE, C.J., DAMOORGIAN and CIKLIN, JJ., concur.

\*     \*     \*

**Not final until disposition of timely filed motion for rehearing.**