NORTHCUTT, Judge.
L.M.L. challenges the termination of her parental rights to four children. We reverse because the termination proceeding did not comply with the Florida Statutes.
In January 1997, the Department of Children and Families (DCF) filed a petition seeking emergency shelter for L.M.L.’s children. The circuit court appointed attorney Norman Palumbo to represent her and designated a guardian ad litem for the children. In due course, the court held an adjudicatory hearing and entered an order of dependency covering all the children. Afterward, DCF filed a petition to terminate L.M.L.’s parental rights. Pursuant to section 39.462, Florida Statutes (1997), it attempted to serve her with a summons and notice of an advisory hearing scheduled for March 31, 1998. These were returned unserved. L.M.L. did not attend the March 31 hearing, but Mr. Palumbo did. The hearing was continued until April 13,1998.
Once again, L.M.L. was not present at the rescheduled hearing, but her attorney attended. A DCF employee, Tina Hammond, testified that she had served L.M.L. with the summons and a copy of the termination petition at a motel on April 9. But the record does not contain a revised statutory notice or an alias summons for the April 13 hearing. Therefore, we must presume that the summons and notice Ms. Hammond served were for the March 31 hearing. The circuit court terminated L.M.L.’s rights “based upon the mother having received notice of the hearing, failing to appear and, by operation law, defaulting as to the dependency adjudication and termination of parental rights.”
The circuit court’s order was erroneous for two reasons, either of which requires reversal. First, the court erred in terminating L.M.L.’s parental rights by default because she was never given proper notice of either the March 31 or the April 13 hearings. Section 39.462(l)(a), Florida Statutes (1997), provides that “[njotice of the date, time and place of the advisory hearing for the petition to terminate parental rights and copy of the peti *39 tion must be personally served” on a parent. That subsection goes on to state:
The document containing the notice to respond or appear must contain, in type at least as large as the balance of the document, the following or substantially similar language: “FAILURE TO RESPOND TO THIS NOTICE OR TO APPEAR AT THIS HEARING CONSTITUTES CONSENT TO THE TERMINATION OF PARENTAL RIGHTS OF THIS CHILD (OR THESE CHILDREN).” (emphasis supplied)
As previously mentioned, there is no evidence that a notice complying with section 39.462(l)(a) was prepared for the April 13 hearing. Even if Ms. Hammond told L.M.L. the hearing would be held on that date, oral notice was not sufficient under the statute. As demonstrated by the emphasized portion of the quoted language, the statute requires written notice.
Second, L.M.L. should not have been defaulted for fading to “respond or appear” at the advisory hearing. She did appear, albeit through her attorney. Cf. In the Interest of M.M., 708 So.2d 990, 992 (Fla. 2d DCA 1998). The purpose of an advisory hearing is to advise the parents of their right to counsel, appoint counsel if necessary, determine whether the parents will consent to the termination, appoint a guardian ad litem for the children, and set a date for the adjudicatory hearing. See § 39.466, Fla. Stat. (1997); Fla. R. Juv. P. 8.510. Here, the court previously had appointed an attorney for L.M.L. and a guardian for the children. It was not necessary that L.M.L. be present when her attorney could have told the court whether she consented to termination. Indeed, Florida Rule of Judicial Administration 2.070(m) provides that in any proceeding an attorney’s act shall be accepted as the act of the attorney’s client. Under these circumstances, the court erred in terminating L.M.L.’s parental rights based on her failure to appear at the advisory hearing. Reversed and remanded for further proceedings.
FULMER, A.C.J., and CASANUEVA, J., Concur.