LEWIS, J.
Appellant, M.C., seeks review of an ap-pealable non-final order denying M.C.’s motions for rehearing and to set aside the trial court’s order terminating M.C.’s parental rights to his two natural children, A.C. and M.C. Finding that the trial court did not abuse its discretion in denying these motions, we affirm.
Appellee, the Department of Children and Families, filed a petition seeking termination of M.C.’s parental rights. M.C. responded to the Petition of Termination by consenting to the termination of his parental rights of his two adoptive children and retaining counsel to appear on his behalf to oppose the termination of his parental rights to his two natural children. Pursuant to section 39.808(2), Florida Statutes (2000), the trial court held an advisory hearing on the termination of parental rights of M.C.’s two natural children. M.C., who resides in New Jersey, chose not to personally appear and sent his attorney instead. The trial court treated M.C.’s failure to personally appear as a default consent to termination under section 39.801(3)(d), Florida Statutes (2000). Thereafter, the trial court entered an order terminating M.C.’s parental rights. On rehearing, the trial court reaffirmed the termination of M.C.’s parental rights based on M.C.’s failure to personally appear at the advisory hearing.
At the time Appellee filed the petition for termination of parental rights, section 39.801(3), Florida Statutes (2000), included two provisions addressing a parent’s personal appearance at the advisory hearing. First, section 39.801(3)(a), Florida Statutes (2000), required that the notice of the advisory hearing contain written notice of the consequences of a parent’s failure to personally appear. Second, section 39.801(3)(d), provided that:
If the person served with notice under this section fails to personally appear at the advisory hearing, the failure to personally appear shall constitute consent for termination of parental rights by the person given notice. If a parent appears for the advisory hearing and the court orders that parent to personally appear at the adjudicatory hearing for the petition for termination of parental rights, stating the date, time, and location of said hearing, then failure of that parent to personally appear at the adjudicatory hearing shall constitute consent for termination of parental rights,
(emphasis added).
Here, the advisory hearing summons that was personally served on M.C. in New Jersey where he resides contained the following language, as required in section 39.801(3)(a) and Florida Rule of Juvenile Procedure 8.505(b):
[FJailure to personally appear at this advisory hearing constitutes consent to the termination of parental rights of this child (or children). If you fail to appear on the date and time specified, you may lose all legal rights as a parent to the child or children named in the petition for termination of parental rights attached to this notice.
*1275 (emphasis added). Thus, M.C. was properly notified that he must “personally appear” at the advisory hearing to avoid consenting to the termination of his parental rights.
However, despite the clear wording of the statute and the summons, M.C. chose not to appear personally at the hearing and engaged an attorney to appear for him. On appeal, M.C. argues that, although In re E.L., 732 So.2d 37 (Fla. 2d DCA 1999)[1] concerned a predecessor statute with different language, it controls here. M.C.’s reliance on E.L. is misplaced. In E.L., the Second District found first that the mother did not receive proper notice. Second, the court found that the mother “should not have been defaulted for failing to ‘respond or appear’ at the advisory hearing” because “[s]he did appear, albeit through her attorney.” Id. at 39. The court said that “[i]t was not necessary that L.M.L. [mother] be present when her attorney could have told the court whether she consented to termination” and cited Fla. R. Jud. Admin. 2.060(m) as “providing] that in any proceeding an attorney’s act shall be accepted as the act of the attorney’s client.” Id.
Appellee argues that the 1998 and 1999 amendments precluded appearances through counsel at the advisory hearing. We agree. The wording of the 1997 statute, as reviewed in E.L., is substantially different than the 1998 and 1999 amendments. Specifically, the word “personally” was added to modify the word “appear” first to the notice provision in 1998[2] and then to the substantive provision in 1999[3]. The Legislature also deleted the “respond or” language.
Legislative intent is the polestar by which a court is guided in interpreting statutes and such intent should be derived from the plain language of the statute. See Hayes v. State, 750 So.2d 1 (Fla.1999) (stating that legislative intent is derived from the plain meaning of the statute). If the language of the statute is clear and unambiguous and conveys a clear and definite meaning, the statute should be given its plain meaning and there is no need to apply rules of statutory construction. M.W. v. Davis, 756 So.2d 90 (Fla.2000); Aetna Cas. & Sur. Co. v. Huntington Nat’l Bank, 609 So.2d 1315, 1317 (Fla.1992); Holly v. Auld, 450 So.2d 217, 219 (Fla.1984). Applying that standard here, the legislative amendments to the statute have removed the possibility of any parental response to the notice other than to “personally appear” at the advisory hearing. The statute’s plain language does not permit M.C.’s attorney to appear instead of M.C. Therefore, because the statute has changed significantly, E.L. does not apply here, and the plain wording of the statute should be given effect.
M.C.’s argument that the purpose of the advisory hearing was accomplished by sending his attorney to appear at the advisory hearing is also without merit. It is not determinative of the statutory meaning that the purposes of the advisory hearing may be accomplished by having an attorney appear at the advisory hearing rather than the parent personally appearing. *1276 First, this requires looking beyond the plain meaning of the statute that the parent “personally appear.” The legislature has in clear and unambiguous language decided that a parent’s personal appearance is required. Because the wording of the statute is unambiguous, we need look no further. Second, all the purposes of the hearing cannot be accomplished through representation rather than personal appearance. The parent’s personal appearance at the advisory hearing provides the court with a means to assure that it performs its statutory duty of informing a parent of his/her rights and responsibilities in the termination of parental rights process. The court can be assured that the parent understands the significance of this procedure involving the parents’ rights, and the parent is left with no basis later to attempt to delay the process further by claiming that appointed or hired counsel did not adequately explain the process to the parent. See J.B. v. Dep’t of Children and Families, 766 So.2d 1048 (Fla.2000) (“The significance of the rights at issue here [in the termination of parental rights proceeding] cannot be overstated.”). Therefore, by operation of law, M.C.’s failure to appear personally at the advisory hearing constituted consent to the termination of his parental rights. Accordingly, we affirm.
AFFIRMED.
MINER and POLSTON, JJ., concur.

.E.L. involved the 1997 version of the statute which provided that: “If the person served with notice under this section fails to respond or appear at the advisory hearing, the failure to respond or appear shall constitute consent for termination of parental rights by the person given notice.” § 39.462(l)(d), Fla. Stat. (1997) (emphasis added).

. See Ch. 98-403, § 83, at 3199, Laws of Fla.

. See Ch. 99-193, § 42, at 1163, § 58, at 1175, Laws of Fla.