845 So.2d 973 (2003)
A.J., The Mother, and O.G., The Father, Appellants,
v.
DEPARTMENT OF CHILDREN AND FAMILIES, Appellee.
Nos. 4D02-2396, 4D02-3115.
District Court of Appeal of Florida, Fourth District.
May 21, 2003.
*974 Kathleen K. Peña of Law Offices of Seiler & Sautter, Fort Lauderdale, for appellant-A.J., The Mother.
Denise E. Kistner of Law Offices of Denise E. Kistner, P.A., Fort Lauderdale, for appellant-O.G., The Father.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Laurel R. Wiley, Assistant Attorney General, Fort Lauderdale, for appellee.
GROSS, J.
After the parents attended many hearings in their dependency case, the trial court entered a default and consent order against them when they were about twenty-five minutes late for the commencement of the third day of trial. We reverse.
On December 11, 2001, the Department of Children and Families ("Department") filed an amended petition for dependency against the mother and father. On December 18, with both parents and their attorneys present, the trial court granted the parents' motion to continue the case. The order stated that "[t]he parents have been advised their appearance at trial is required[;] if they fail to show a consent will be entered against them." The trial court orally advised the parents that the case was reset to February 20, 2002, at 2:00 p.m., and that their appearance was required for trial.
On January 3, 15, 25, February 7, 20, and March 7, 18, 2002, the trial court held shelter review hearings, ordering that the minor child remain in the shelter care of the Department.
An order set the trial for April 16, 2002 at 2:00 p.m. Though the mother and her counsel, and the father's counsel were present at this hearing, the father was not. A separate February 20 order granted the *975 father's motion to continue and rescheduled the trial for April 16, 2002. At the March 7 shelter hearing, the trial court orally notified both parents that the trial would commence on April 16 and that their failure to appear would result in a default consent being entered on their behalf. Both parents confirmed that they knew the time and place of the trial.
On April 1, 2002, the parents were present in court, without their counsel. The trial court ordered the parents to submit to an immediate drug test, noting that each parents' visitation would be suspended until they received a negative drug test. The trial court required each parent's counsel to provide a written explanation to the court as to why they were not present at the hearing. On April 4, the trial court vacated its previous order suspending visitation, substituting new counsel for each parent.
The trial began on April 16, 2002, with both parents and their separate counsel present. The trial was not completed and was continued to May 14, 2002 at 10:00 a.m.
On May 14, with both parents and their counsel present, the trial continued. After hearing further testimony, the trial court continued the case to May 16, 2002, at 1:40 p.m.
On May 16, the parents failed to appear at the scheduled time for trial. The Department asked that a consent default be entered against the parents. The parents' lawyers responded that they were prepared to go forward in the case, in spite of the parents' absence. The mother's counsel reminded the court that the parents took public transportation from Miami. The father's lawyer observed that the Department's case would only take about an hour more to complete.
The trial judge stated that at the March 7 hearing she advised appellants that a failure to appear for trial would result in a default. The court noted that it was 2:04 p.m., and that the bailiff had "sounded in the hallway" twice to see if the parents were present. After finding that both parents had failed to appear, the court entered a default against them. In its written order later that day, the judge stated that the father arrived twenty-five minutes late for the trial.
The mother moved to set aside the default on May 20. The father later joined in the motion. The motion argued that although the trial court reminded her on December 18, 2001 and March 7, 2002 that she needed to personally appear at trial, she was not advised of this on May 14, 2002. She contended that the applicable statute did not require the parent to be personally present for every day of the trial, that the father arrived "immediately after the Court concluded the proceeding" on May 16, and the mother arrived "shortly thereafter." The motion also stated that there was no reason to enter the default because a "considerable amount of the trial had already been completed," and counsel was capable of proceeding without her presence.
The trial court denied the parents' motion, finding that the parents' failure to appear constituted a consent to a dependency adjudication pursuant to section 39.506(3), Florida Statutes (2001) and Florida Rule of Juvenile Procedure 8.330(c). Based on the default, the court entered a dependency order.
Section 39.506(3) and Rule 8.330(c) state in pertinent part:
If a person appears for the arraignment hearing and the court orders that person to personally appear at the adjudicatory hearing for dependency, stating the date, time, and place of the adjudicatory hearing, then that person's failure to appear for the scheduled adjudicatory hearing constitutes consent to a dependency adjudication.
*976 We reject the parents' contention that the court failed to adequately notify the parents pursuant to the statute and rule. The parents had sufficient notice of the date, time, and place of the continued adjudicatory hearing and they had at least twice been advised of the consequences of failing to appear.
However, we hold that the trial court abused its discretion in failing to set aside the default. The purpose of a default provision such as that in section 39.506(3) is to ensure that the object of the dependency petition "is not defeated by the parent's neglect of the proceeding." J.B. v. Fla. Dep't of Children & Family Servs., 768 So.2d 1060, 1067 (Fla.2000) (quoting J.B. v. Dep't of Children & Family Servs., 734 So.2d 498, 501 (Fla. 1st DCA 1999) (discussing section 39.462(1)(a), Florida Statutes (1995) which involves termination of parental rights)). Section 39.506(3) "enables the trial court" to bring a dependency case "to conclusion even if the parent has chosen not to participate." Id. The purpose of the statute is not to inject "gotcha" practices into the dependency process.
Here, both parents had chosen to participate in the dependency proceeding. They attended numerous hearings in the case. They were both present at a hearing which their lawyers missed. They attended the first two days of trial. On May 16, their lawyers offered to complete the trial in their clients' absence. Under these circumstances, it was an abuse of discretion to decide this case not on the merits, but by way of a default.
Reversed and remanded.
KLEIN and TAYLOR, JJ., concur.