877 So.2d 831 (2004)
S.C., the mother, Appellant,
v.
DEPARTMENT OF CHILDREN AND FAMILIES, Appellee.
No. 4D03-4669.
District Court of Appeal of Florida, Fourth District.
July 7, 2004.
Frank A. Kreidler, Lake Worth, for appellant.
Jeffrey Dana Gillen, West Palm Beach, for appellee.
STONE, J.
We affirm an order terminating the mother's parental rights to two children following the mother's default.
The Department of Children and Families ("Department") filed a petition to terminate the mother's parental rights in April 2003. The children had been living in Florida with their father since 1999; however, the father died in November 2002. The mother lived in Virginia.
In June 2003, the court held a permanent commitment advisory hearing for the permanent commitment of the children and for termination of the mother's parental rights. The mother was personally served with a summons and notice. Prior to the hearing, the mother informed Department that she was unable to personally appear. In turn, Department advised her that she could appear by telephone from her Virginia home. Department instructed the mother to stand by the telephone between 2:00 p.m. and 3:00 p.m. on June 11, 2003. The court was informed of and agreed to this arrangement. The court called the mother's correct phone *832 number at 2:21 p.m. and again at 2:38 p.m. Department also attempted to contact the mother throughout the hearing, however, the mother never answered the calls.
As a result of the mother's failure to appear at the hearing, the court declared a default, took testimony regarding the children's best interests, and terminated the mother's parental rights based on "constructive consent." The mother did not appeal the order but did, thereafter, contact Department, claiming that she had telephone problems on the day of the hearing. At that time, and in light of a status hearing scheduled for July 23, 2003, Department requested the mother be provided legal counsel. Hearings were held on July 23, 2003 and July 30, 2003, unattended by the mother, regarding the appointment of legal counsel. The mother filed an affidavit of insolvency on July 29, 2003, and the court appointed an attorney to the mother on July 30, 2003. The attorney then filed a motion to set aside default.
The mother was afforded an opportunity to appear at a status check on August 20, 2003, but she again failed to do so. Counsel for the mother advised the court that, while he wanted to seek to vacate the default order, the mother had failed to get back to him concerning the "basic information" he needed. The status check was reset for September.
The mother was present, for the first time, at the October hearing on her motion to set aside default. There, the mother testified that she had a working telephone and that when the court called her on June 11, 2003, she answered the telephone and "said hello twice," yet nobody was there. The mother later changed her testimony, this time stating:
I recognized Florida number on my caller I.D. and, I believe I tried calling it back. And, It also depends on what time did I receive the call from Florida. Cause, I might have  and, I'll correct myself. I might have not been home at the time that you made that call ...; But, I might have went out and tried to make it back I time enough to get the phone call. And, I might have not made it back in time.
After listening to a tape recording of the June 11 hearing, and considering the mother's testimony and demeanor, the trial court found her testimony full of "contradictions" and "inconsistencies." The court further found that the mother's testimony was not credible and that her failure to appear was not a result of mistake, inadvertence, surprise, or excusable neglect. Therefore, the court denied the mother's motion to set aside default and ordered the termination of her parental rights.
The trial court did not abuse its discretion in denying the mother's motion to set aside default. Because the trial court heard the evidence and observed the mother's demeanor, this court should not re-weigh the lower court's conclusions as to her truthfulness. See Rathburn v. Dep't of Children & Families, 826 So.2d 521, 523 (Fla. 4th DCA 2002). Further, section 39.801(3)(d), Florida Statutes, and Florida Rule of Juvenile Procedure 8.510(a)(3), provide statutory and procedural authority for the court to accept a parent's failure to appear at an advisory hearing as constructive consent to termination of parental rights by default. See In re W.C., 797 So.2d 1273, 1274 (Fla. 1st DCA 2001). These provisions recognize the trial court's authority to terminate parental rights even if the parent does not participate in the hearing process. J.B. v. Dep't of Children & Families, 768 So.2d 1060, 1067 (Fla. *833 2000).[1]
Certainly, this court has made it clear that constructive consent in termination of parental rights cases should be a disfavored result. See R.P. v. Dep't of Children & Families, 835 So.2d 1212, 1214 (Fla. 4th DCA 2003); A.M. & Z.M. v. Dep't of Children & Families, 853 So.2d 1084 (Fla. 4th DCA 2003)(arriving at a hearing one hour late because the parents were mistaken about the public transportation schedule); A.J. v. Dep't of Children & Families, 845 So.2d 973 (Fla. 4th DCA 2003)(where parents arrived 25 minutes late for the third day of the hearing because they had been delayed by public transportation). In those opinions, we recognized that custody and dependency should not be decided by "gotcha" practices when a parent makes a reasonable effort to be present at a hearing and is delayed by circumstances beyond his or her control. A.J., 845 So.2d at 976. The circumstances in those cases, however, are significantly different from those found here; in each of those cases the parent's failure to appear was accompanied by a reasonable effort and a reasonable explanation.
Other courts contrast parents who fail to appear at a hearing without a reasonable explanation with those who have made some reasonable effort to be present. In In re W.C., a father, living out of state, did not personally appear at an advisory hearing concerning the termination of his parental rights. 797 So.2d at 1274. Finding that the father had been adequately noticed of the hearing requiring his presence, the First District held that the clear language of section 39.801(3)(d), Florida Statutes, revealed the legislature's intent to require the personal participation of any parent risking a termination of rights. Id. at 1275. While recognizing the significance of a parent's rights, the court concluded that the father's intentional failure to appear amounted to constructive consent. Id. at 1276. See J.T. v. Dep't of Children & Families, 800 So.2d 692, 693-94 (Fla. 5th DCA 2001)(holding that where parents failed to appear at the advisory hearing, their failure to provide the court with a reasonable excuse for their absence supported termination under section 39.801(3)(d)).[2]See also S.B. v. Dep't of Children & Families, 851 So.2d 689, 693 (Fla.2003)(suggesting, and although decided on another issue, the supreme court was not troubled by a dependency adjudication founded on constructive consent).
Here, the mother has provided the court with no reasonable excuse for her failure to appear by telephone. To the contrary, she provides contradictory stories to support her lack of response, first explaining that she heard her phone ring and that she answered the phone, then claiming that there was a problem with her otherwise working telephone, and finally admitting that she was not even home on the day of the noticed hearing. Here, despite the efforts of the court and Department to accommodate the mother's alleged inability to travel from Virginia to Florida, the trial court reasonably concluded, particularly when she made no appearances at any of the preceding hearings and had not visited either of her children in the past three years, that the mother intentionally failed to appear at, or participate in, the hearing.
The mother also contends that the court acted improperly by allowing her to appear *834 by telephone, suggesting that section 39.801(3), Florida Statutes, prohibits a parent from appearing by telephone. However, neither the plain language of the statute nor case law indicate that an agreement between the parties and the trial court for a parent to appear by telephone is improper.
As a result of Department's consent for the mother to appear at the July 11th proceeding by telephone, she argues that the trial court erred in the delayed appointment of counsel. Therefore, the mother asserts that Department's consent caused her to not attend the hearing, at which time she would have been provided the services of a court-appointed lawyer. In other words, Department's efforts to accommodate the mother, by consenting to a telephone appearance because she could not travel to Florida, led to the mother's delay in proving indigency and subsequent delay in appointing counsel. We reject this reasoning because the responsibility for the mother's failure to travel to Florida, to participate in the hearing by telephone, or to follow-up if there was a problem with her phone, lies with her and not the trial court or Department. To hold otherwise would suggest that the trial court or Department could not accommodate a parent in this manner where providing for participation by telephone is necessary and reasonable.
We also note that it was Department, on its own accord, that requested the court to appoint counsel to the mother and, when so advised, the court granted the request.
We, therefore, conclude that the mother has failed to demonstrate reversible error or abuse of discretion.
KLEIN and TAYLOR, JJ., concur.
NOTES
[1] We note that the mother does not challenge the default judgment based on lack of notice or insufficient service of process.
[2] We note that Department also argues that there are many other cases in which constructive consent has been upheld by this court but where the issue has not been addressed by written opinion.