882 So.2d 1099 (2004)
B.H., SR., the Father, Appellant,
v.
DEPARTMENT OF CHILDREN AND FAMILIES, Appellee.
No. 4D04-191.
District Court of Appeal of Florida, Fourth District.
September 22, 2004.
Rehearing Denied October 22, 2004.
Moria Rozenson of Pickett, Marshall & Glassman, P.A., West Palm Beach, for appellant.
Jeffrey Dana Gillen, West Palm Beach, for appellee.
*1100 SHAHOOD, J.
The trial court entered a default due to a constructive consent and terminated father's parental rights based on his failure to personally appear at the permanent commitment advisory hearing. We reverse and remand for further proceedings.
In this case, father was served in Minnesota with a Summons, Notice of Advisory Hearing and Petition for Termination on October 18, 2003. The termination hearing took place on November 5, 2003.
At the termination hearing, father appeared by telephone and upon inquiry by the court, explained that he had been served about a week and a half to two weeks prior to the hearing.
The Court: Why aren't you present here in court this morning?
[Father]: Well, it was kind of a short notice and I'm working up here and I just got stationed up here and I'm moving back to my original hometown and we just got, I'm sitting in about a foot and a half of snow. There was no way for me to leave on such a short notice with everything.
Counsel entered a denial on behalf of father and requested a trial. The attorney ad litem and the Department objected to father's appearance by telephone and moved for entry of a default. The trial court accepted father's denial by telephone and entered an Order reflecting the same.
Following a motion for rehearing, the attorney ad litem and the Department argued that under section 39.801(3)(d), Florida Statutes (2003), failure to personally appear at the advisory hearing after notice constitutes consent to the termination of parental rights. They claimed that there was no evidence that father made reasonable efforts to be present at the hearing. Father argued that courts have been liberal in setting aside default judgments and that he did attempt to make his presence known to the court. The trial court granted the motion for rehearing and held that father consented to the termination of his parental rights by failing to personally appear at the advisory hearing, pursuant to section 39.801(3)(d), Florida Statutes.
We reverse and hold that under the facts of this case, father's appearance by telephone constituted a personal appearance for purposes of section 39.801(3)(d). Thus, the trial court abused its discretion in entering a default.
It is well-settled that section 39.801(3)(d) and Florida Rule of Juvenile Procedure 8.510(a)(3) provide statutory and procedural authority for the court to accept a parent's failure to appear at an advisory hearing as constructive consent to termination of parental rights by default. See S.C. v. Dep't of Children & Families, 877 So.2d 831, 832 (Fla. 4th DCA 2004). However, this court has made it clear that constructive consent in termination of parental rights cases should be a disfavored result. See id.; R.P. v. Dep't of Children & Families, 835 So.2d 1212 (Fla. 4th DCA 2003). Custody and termination of parental rights should never be determined on a default basis or by "gotcha" practices when a parent makes a reasonable effort to be present at a hearing and is delayed by circumstances beyond his control. See, e.g., R.P., 835 So.2d at 1214 (father entitled to a continuance where father was en route to the hearing and there was no indication of stalling or disregard); A.J. v. Dep't of Children & Families, 845 So.2d 973, 976 (Fla. 4th DCA 2003) (parents arrived 25 minutes late for hearing because they were delayed by public transportation). In such circumstances, the parents' failure to appear was accompanied by a reasonable effort and a reasonable explanation. See S.C., 877 So.2d at 833. Courts have made a distinction between parents who fail to appear *1101 at a hearing without a reasonable explanation versus those who have made some reasonable effort to be present. See id.
In In re W.C., 797 So.2d 1273, 1274 (Fla. 1st DCA 2001), a father, living out-of-state, did not personally appear at the advisory hearing. Rather, his attorney appeared in his stead. The trial court treated his failure to personally appear as a default consent to termination. In affirming, the First District held that under section 39.801(3)(d), a parent's personal appearance is required. See id. at 1276. The court explained that the purpose of the appearance is to:
[P]rovide[ ] the court with a means to assure that it performs its statutory duty of informing a parent of his/her rights and responsibilities in the termination of parental rights process. The court can be assured that the parent understands the significance of this procedure involving the parents' rights, and the parent is left with no basis later to attempt to delay the process further by claiming that appointed or hired counsel did not adequately explain the process to the parent.
Id.
In S.C., this court upheld the termination of a mother's parental rights following her default. In that case, mother, after personal service of the summons and notice to appear, was unable to personally appear. The Department advised mother that she could appear by telephone from her home in Virginia; the court agreed. When the court and the Department attempted to call mother at the hearing, mother never answered the calls. As a result, the trial court entered a default based on constructive consent. Thereafter, mother claimed that she had telephone problems and sought to vacate the default. At a hearing on the motion, mother's testimony was inconsistent and contradictory as to her alleged telephone problems. The trial court denied the motion to vacate finding mother's testimony not credible and that her failure to appear was not the result of mistake or inadvertence.
In affirming, this court held that mother failed to provide the court with a reasonable excuse for her failure to appear by telephone. The court held that despite the efforts of the court and the Department to accommodate mother's inability to travel to Florida, mother intentionally failed to appear at, or participate in, the hearing. See id. at 833. When mother suggested that the trial court acted improperly by allowing her to appear by telephone, citing the language contained in section 39.801(3)(d), this court held that "neither the plain language of the statute nor case law indicate that an agreement between the parties and the trial court for a parent to appear by telephone is improper." Id. The court further rejected mother's claim that consent to a telephone appearance led to her delay in being appointed counsel. "To hold otherwise would suggest that the trial court or Department could not accommodate a parent in this manner where providing for participation by telephone is necessary and reasonable." Id.
Following S.C., there does not appear to be a strict or per se prohibition against a parent appearing by telephone if it is sanctioned by the parties or the court. In this case, father, through his appearance by telephone, clearly sought to interject himself into the proceedings and enter a denial to the court entering a termination to his parental rights. This is not a situation where the parent sought to have counsel appear in his stead or simply chose to ignore the proceedings. Father's appearance by telephone enabled the court to inform the parent of the significance of the advisory hearing and thereby comply with *1102 the purpose of the statute requiring a parent's personal appearance.
Under the facts of this case, it is clear that father was not seeking to delay the proceedings. Father was given about two and a half weeks' notice to travel from Minnesota to Florida. Father explained that his appearance by telephone was necessitated by the fact that he had just started working, was moving, and was unable to leave on such short notice. The court initially accepted father's explanation and permitted him to enter his denial by telephone over the objection of the Department and the attorney ad litem. In light of the fact that father attempted to make his presence known, that his failure to appear personally was accompanied by a reasonable explanation, and that public policy frowns on termination of parental rights on a default basis, we hold the trial court abused its discretion in terminating father's parental rights based on constructive consent.
REVERSED AND REMANDED.
WARNER, J., and GATES, MICHAEL L., Associate Judge, concur.