941 So.2d 1255 (2006)
In the Interest of C.M. and E.M., children.
V.M., Appellant,
v.
Department of Children and Family Services and Guardian Ad Litem Program, Appellees.
No. 2D06-2333.
District Court of Appeal of Florida, Second District.
November 17, 2006.
*1256 Norman A. Palumbo, Jr., Tampa, for Appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Tanya E. DiFilippo, Assistant Attorney General, Tampa, for Appellee Department of Children and Family Services.
Wendie Michelle Cooper, Orlando, for Appellee Guardian ad Litem Program.
SILBERMAN, Judge.
V.M., the Father, appeals a final judgment terminating his parental rights with respect to his children, C.M. and E.M.[1] The trial court entered the final judgment after finding that the Father's failure to timely appear at the adjudicatory hearing constituted his consent to termination. The Department of Children and Family Services (the Department) and the Guardian ad Litem (GAL) concede that the trial court committed reversible error by finding that the Father's failure to appear constituted his consent to termination and by failing to grant a continuance. We agree and reverse.
Section 39.801(3)(d), Florida Statutes (2005), provides that when a parent attends an advisory hearing on a petition for termination of parental rights, is instructed to attend the adjudicatory hearing, and is advised of the date, time, and location of the adjudicatory hearing, the "failure of that parent to personally appear at the adjudicatory hearing shall constitute consent for termination of parental rights." The purpose of this provision "is to ensure that a parent's neglect of the proceeding does not defeat a termination petition. The provision allows the trial court to conclude a termination of parental rights case even if a parent has chosen not to participate." T.B. v. Dep't of Children & Family Servs. (In re T.B.), 920 So.2d 170, 173 (Fla. 2d DCA 2006) (citations omitted). However, "courts should ordinarily refrain from determining a termination of parental rights by default where an absent parent is making reasonable effort to be present at the scheduled hearing and is delayed by forces or circumstances beyond the parent's control." R.P. v. Dep't of Children & Families, 835 So.2d 1212, 1214 (Fla. 4th DCA 2003); see also T.L.D. v. Dep't of Children & Family Servs. (In re A.N.D.), 883 So.2d 910, 914 (Fla. 2d DCA 2004) (citing R.P.). In B.H. v. Dep't of Children & Families, 882 So. 2d 1099, 1100-01 (Fla. 4th DCA 2004), the court acknowledged that there is "a distinction between parents who fail to appear at a hearing without a reasonable explanation versus those who have made some reasonable effort to be present."
Here, the record reflects that the Father, who works on a cruise ship based in Hawaii, had repeatedly appeared before the court at various hearings. Further, he traveled from Hawaii to Tampa to be at the adjudicatory hearing, but on the day of the hearing, he was delayed in traveling to the courthouse by bus. The Father arrived at the courthouse after the trial court announced that it was entering a consent and terminating the Father's parental rights due to his nonappearance. The record also reflects that the Father's counsel had asked the trial court to continue the hearing until the Father arrived, but the court denied the request.
Based on the circumstances, the Department and the GAL properly concede that the trial court erred. The Father was *1257 making a reasonable effort to attend the hearing when the court entered the consent and declared that the Father's parental rights were terminated due to his nonappearance. Also, nothing in the record suggests that a short continuance of the proceeding would have resulted in adverse consequences to the children. See G.A. v. Dep't of Children & Family Servs. (In re I.A.), 857 So.2d 310, 312 (Fla. 2d DCA 2003); R.P., 835 So.2d at 1213. Accordingly, we reverse the final judgment terminating the Father's parental rights and remand for further proceedings.
Reversed and remanded.
KELLY and WALLACE, JJ., Concur.
NOTES
[1] The final judgment also terminates the mother's parental rights. Our decision does not affect the final judgment as to the mother.