STRINGER, Judge.
C.B., the Mother, seeks review of a final judgment terminating her parental rights to her now four-year-old daughter, J.B. The judgment was based upon the Mother’s implied consent to termination due to the fact that she failed to appear for the adjudicatory hearing. See § 39.801(3)(d), Fla. Stat. (2005). Based on the trial court’s finding that the Mother did not make a reasonable effort to be present at the hearing, we affirm.
*521 This case commenced in March 2004 after the Mother left five-month-old J.B. unattended while she searched for J.B.’s two-year-old sibling, who had wandered outside the family’s apartment complex while in the care of his grandfather. J.B.’s sibling, who is not a subject of this appeal, was discovered, dirty and wet, near the outside gate of the family’s apartment complex. The Department was notified, but the children were not sheltered. The Mother and her husband[1] refused voluntary referrals for aid, and in June 2004, the Department filed a petition for dependency of both children based on neglect.
In August 2004, before the petition for dependency could be heard, the family left Florida for South Carolina. The court adjudicated the children dependent in the parents’ absence and approved a case plan. In May 2005, the Department executed a pick-up order, and the children were returned to Florida and placed in foster care. The Department instituted proceedings under an interstate compact to reunite the children with the Mother in South Carolina under that state’s supervision.
The Mother thereafter relocated to New Hampshire to take care of her father, who had been diagnosed with leukemia while the family was visiting New Hampshire for Thanksgiving. Despite the Mother’s attempts to comply with her case plan, the Department filed a petition for involuntary termination of parental rights in March 2006. In early May 2006, J.B. was transferred from foster care in Florida to a temporary placement in New Hampshire with her paternal grandparents, who wish to adopt her.
The Mother appeared in person at the May 23, 2006, advisory hearing on the petition, and the court warned the Mother that her failure to appear at the adjudicatory hearing would be deemed a consent to the petition. The Mother assured the court that she would attend. Despite the court’s warnings, the Mother did not appear at the adjudicatory hearing on July 17. Her attorney requested a continuance, stating, “I don’t know that she’s just blowing this off.” The trial court denied the request after determining that the Mother had not been in recent contact with her attorney. The court ordered entry of a consent by nonappearance on the Mother’s behalf and subsequently rendered a judgment terminating the Mother’s parental rights as to J.B. based on the consent.
Eight days after entry of the final judgment, the Mother’s attorney moved to set aside the judgment on the basis of due diligence, excusable neglect, and a meritorious defense.[2] Counsel’s motion cited the financial hardships the Mother faced in traveling from New Hampshire, in addition to demands of her job, child,[3] and ill father in New Hampshire.
The trial court held a hearing on the motion, and the Mother appeared by telephone. On direct examination, the Mother testified that she did not attend the adjudicatory hearing because of her financial burdens and the fact that she was taking care of her sick father. The Mother testified that after the advisory hearing, her *522 husband had left her for another woman and she had to support her father and child on her salary of $7.50 an hour at Dunkin’ Donuts. The Mother also testified that her father had been diagnosed with leukemia and that she was the only person charged with his care. She testified that she did not have any family members living nearby who could help. The Mother explained that on the date of the adjudicatory hearing, her father was in the hospital with pneumonia.
The Mother’s father testified that he was not sure if he was in the hospital on the date of the adjudicatory hearing, but said that he had been in and out of the hospital in July 2006. He said that he had good days when he needed little assistance and bad days when he needed more assistance. The Mother’s father also testified that his older sister assisted the Mother in his care.
The Mother was recalled and, on cross-examination, admitted that her father was not in the hospital on the date of the adjudicatory hearing and that her aunt lived nearby and assisted her in caring for her father. The Mother asserted that her aunt would not have been able to care for her father while she traveled to Florida for the adjudicatory hearing, but admitted she had not contacted her aunt to verify that she could not help. The Mother also revealed that she did not contact her attorney or the court to inform them that she could not attend the adjudicatory hearing. When asked why she did not contact her attorney or the court, the Mother explained that she actually forgot about the court date.
The trial court entered an order denying the Mother’s motion to set aside the final judgment of termination. The court found that the Mother acted with due diligence in bringing the motion, but that the Mother did not establish excusable neglect. The court made the following findings regarding excusable neglect in its order:
Among the reasons stated for [the Mother’s] non-appearance are: 1) She “just forgot” about the trial; 2) She lacked the financial resources to return to Tampa for the hearing; 3) She was obligated to care for her ailing father, who was diagnosed with Adult Acute Myeloid Leukemia in November, 2005.
The reasons she states are inconsistent and mutually exclusive. They establish a lack of credibility and demonstrate a wanton disregard for the trial proceedings. Examination of both [the] mother and her father, Mr. Hewitt, fail [sic] to establish that Mr. Hewitt was hospitalized on July 17, 2006, or suffering from an acute condition warranting her prompt attention, after the mother’s testimony suggested otherwise. The testimony established that Mr. Hewitt had “good days and bad days”, and that his older sister lived nearby and was able to provide care if needed as she had done frequently in the past. The mother failed to secure alternative care for her father on the trial date, though available.
The mother also failed to secure available financial assistance from the department while having ample time and opportunity to do so, made no attempt to secure low cost transportation between May 23, 2006, and July 17, 2006, and made no attempt to telephone her attorney, or the Court, to bring any difficulties to our attention before, or on the date of trial.
This court reviews a final judgment of termination entered pursuant to section 39.801(3)(d) for an abuse of discretion. B.B. v. Dep’t of Children & Family Servs. (In re D.A.), 943 So.2d 885, 886 (Fla. 2d DCA 2006); D.M. v. Dep’t of Children & Families, 921 So.2d 737, 739 (Fla. 5th *523 DCA 2006). Section 39.801(3)(d) provides, in pertinent part:
If the person served with notice under this section fails to personally appear at the advisory hearing, the failure to personally appear shall constitute consent for termination of parental rights by the person given notice. If a parent appears for the advisory hearing and the court orders that parent to personally appear at the adjudicatory hearing for the petition for termination of parental rights, stating the date, time, and location of said hearing, then failure of that parent to personally appear at the adjudicatory hearing shall constitute consent for termination of parental rights.
The purpose of the provision is to preclude a parent from defeating a termination petition by failing to appear. J.B. v. Fla. Dep’t of Children & Family Servs., 768 So.2d 1060, 1067 (Fla.2000). However, “courts should ordinarily refrain from determining a termination of parental rights by default when an absent parent makes a reasonable effort to be present at a hearing but is prevented or delayed by circumstances beyond the parent’s control.” T.L.D. v. Dep’t of Children & Family Servs. (In re A.N.D.), 883 So.2d 910, 914 (Fla. 2d DCA 2004); accord In re D.A., 943 So.2d at 887 (reversing termination based on implied consent when counsel had asked for a continuance at the adjudicatory hearing because the mother’s caseworker had informed him that the mother was having transportation problems); V.M. v. Dep’t of Children & Family Servs. (In re C.M.), 941 So.2d 1255, 1257 (Fla. 2d DCA 2006) (reversing termination based on implied consent when the father was delayed in traveling to the courthouse by bus and counsel had asked the court to continue the case until the father’s arrival).
In this case, the trial court found the Mother’s testimony lacked credibility based on its inconsistencies and contradictions. The court concluded that the Mother did not make a reasonable effort to be present at the hearing because she did not attempt to contact her attorney or the court to explain her circumstances or otherwise attempt to arrange for transportation and alternative care for her father. The court’s findings are supported by the Mother’s own testimony at the hearing regarding her lack of preparation and her testimony that she actually forgot about the important court date.
While the Mother’s plight might have convinced a different trial judge to rule otherwise, our review is limited to the issue of whether the trial judge who did rule abused his discretion. The trial judge in this case made credibility determinations based upon his observations of the Mother’s demeanor and his assessment of the evidence. It is not within this court’s province to reweigh the court’s determinations regarding the Mother’s truthfulness. See S.C. v. Dep’t of Children & Families, 877 So.2d 831, 833 (Fla. 4th DCA 2004). Based on the trial court’s findings, we hold that the court did not abuse its discretion in terminating the Mother’s parental rights as to J.B. or refusing to set aside the consent. See id. at 833-34 (affirming termination under section 39.801(3)(d) based on trial court’s determination that the mother’s explanation for her nonappearance was not credible due to her inconsistent and contradictory testimony).
Affirmed.
LaROSE, J., Concurs.
CASANUEVA, J., Dissents with opinion.

. The Mother’s husband is the father of J.B. His rights were also terminated below, but he has not appealed that judgment.

. See T.L.D. v. Dep't of Children & Family Servs. (In re A.N.D.), 883 So.2d 910, 914-15 (Fla. 2d DCA 2004) (adopting this three-part test for requests to vacate consents entered pursuant to section 39.801 (3)(d)).

. During the course of these proceedings, the Mother gave birth to her third child. It does not appear that the third child has been the subject of any proceedings initiated by the Department.