995 So.2d 516 (2008)
In the Interest of H.S. and S.S., minor children,
L.S., Appellant,
v.
Department of Children and Family Services and Guardian Ad Litem Program, Appellees.
No. 2D07-3590.
District Court of Appeal of Florida, Second District.
April 18, 2008.
Andrew Wieczorkowski of Andrew Wieczorkowski, P.A., Clearwater, for Appellant.
Bernie McCabe, State Attorney, and Alyssa V. Folse, Assistant State Attorney, *517 Clearwater, for Appellee Department of Children and Family Services.
Ama N. Appiah, Orlando, for Appellee Guardian ad Litem Program.
KELLY, Judge.
L.S., the mother, appeals from a final judgment terminating her parental rights to her children, H.S. and S.S. The mother argues that the trial court abused its discretion in refusing to allow her to appear by telephone to explain her absence from the adjudicatory hearing and in deeming her nonappearance a consent to the termination of her parental rights. We agree and reverse.
The record reflects that the mother's counsel appeared at the scheduled adjudicatory hearing and informed the court that the mother was out of state and unable to personally appear at the hearing because of financial difficulties. Counsel advised the court that the mother was available to appear by telephone and requested that she be given the opportunity to explain the reasons she was unable to appear in person. The Department of Children and Family Services (the Department) objected on the ground that the mother was properly noticed and had sufficient time to arrange her travel plans. The Guardian ad Litem (GAL) objected, stating, "there's a history here of the mother not showing, and I think this is just indicative of a pattern." Based upon these objections, the trial court refused to allow the mother to appear telephonically, found that her nonappearance was "getting to be a pattern," and terminated her parental rights due to her absence.
A parent's failure to personally appear at the adjudicatory hearing constitutes a consent for termination of parental rights if the parent has been instructed in person at the advisory hearing to appear. § 39.801(3)(d), Fla. Stat. (2005). However, "courts should ordinarily refrain from determining a termination of parental rights by default where an absent parent is making reasonable effort to be present at the scheduled hearing and is delayed by forces or circumstances beyond the parent's control." R.P. v. Dep't of Children & Families, 835 So.2d 1212, 1214 (Fla. 4th DCA 2003); see also V.M. v. Dep't of Children & Family Servs., 941 So.2d 1255, 1256 (Fla. 2d DCA 2006) (citing R.P.); B.H. v. Dep't of Children & Families, 882 So.2d 1099, 1100-01 (Fla. 4th DCA 2004) ("courts have made a distinction between parents who fail to appear at a hearing without a reasonable explanation versus those who have made some reasonable effort to be present.").
Here, the statement by the GAL that the mother had a history of failing to appear was disputed at the hearing by the mother's counsel and is not supported by the record. Under these circumstances, the trial court should have allowed the mother the opportunity to appear by telephone to explain the reasons for her nonappearance instead of entering a default. See T.L.D. v. Dep't of Children & Family Servs., 883 So.2d 910, 915 (Fla. 2d DCA 2004) (holding that public policy favors an adjudication on the merits over the entry of a default in cases dealing with the rights of a parent to the care, custody, and control of a child). Accordingly, we reverse the final judgment terminating the mother's parental rights and remand for further proceedings.
Reversed and remanded.
DAVIS and CANADY, JJ., Concur.