NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

| | | |
|---|---|---|
| In the Interest of M.G. and A.B., children. | ) ) ) ) | |
| A.D., | ) ) | |
| Appellant, | ) ) | |
| v. | ) ) | Case No. 2D18-4211 |
| DEPARTMENT OF CHILDREN AND FAMILIES and GUARDIAN AD LITEM PROGRAM, | ) ) ) ) ) | |
| Appellees. | ) ) | |

Opinion filed April 26, 2019.

Appeal from the Circuit Court for
Pinellas County; Kimberly Todd, Judge.

Ryan Thomas Truskoski of Ryan
Thomas Truskoski, P.A., Orlando, for
Appellant.

Bernie McCabe, State Attorney, and
Leslie M. Layne, Assistant State
Attorney, Clearwater, for Appellee
Department of Children and Families.

Thomasina Moore and Joanna
Summers Brunell, Appellate Counsel,
Tallahassee, for Appellee Guardian ad
Litem Program.

SMITH, Judge.

A.D. appeals the final judgment terminating her parental rights to her children, M.G. and A.B. Because the trial court abused its discretion in refusing to allow A.D. to appear by telephone and explain her absence from the advisory hearing, we reverse.

At the advisory hearing, A.D.'s attorney advised the court that A.D. was not physically present because she was having car troubles and requested that she be allowed to appear by phone. The Department of Children and Families (Department) maintained that there was a pending warrant for A.D.'s arrest in a criminal case, giving her a motive not to appear, and objected to the request to appear by phone. The court refused the request. After the bailiff sounded the halls to no avail, the Department moved for a consent by default to be entered based on A.D.'s nonappearance. A.D.'s counsel objected, reiterating that A.D. was having car troubles and that A.D. wanted to go to trial and defend against the termination of parental rights petition. The court announced that it was entering a consent by default but would entertain a motion to set aside the default if filed within ten days. A.D. filed a motion the next day. Without ruling on the motion,[1] the court entered a final judgment terminating A.D.'s parental rights.

_____

[1] After this appeal commenced, the trial court held an evidentiary hearing and entered an order on the motion. However, the trial court lacked jurisdiction to do so while this appeal was pending. See, e.g., Beyel Bros. v. Lemenze, 720 So. 2d 556, 558 (Fla. 4th DCA 1998) ("[T]he filing of the notice of appeal divested the trial court of jurisdiction to hear a motion that pertained to the underlying final judgment."). Although Florida Rule of Appellate Procedure 9.146(d) provides that a trial court retains jurisdiction "to conduct judicial reviews or other proceedings related to the health and welfare of the child pending appeal," the postjudgment proceedings do not fall within the scope of this rule. As such, the trial court's order on the motion to set aside is a nullity. See Haines v. State, 805 So. 2d 972, 973 (Fla. 2d DCA 2001). Although the order on the motion to set aside is not within the scope of review in this appeal, see Fla. R. App.

We begin this analysis by recognizing that the "interest of parents in the care, custody, and control of their children . . . is perhaps the oldest of the fundamental liberty interests" in American law.  D.M.T. v. T.M.H., 129 So. 3d 320, 334 (Fla. 2013) (quoting Troxel v. Granville, 530 U.S. 57, 65 (2000)).  "Moreover, the Supreme Court [has] stated that the fundamental liberty interest a parent has in the custody and care of his or her child 'does not evaporate simply because they have not been model parents or have lost temporary custody of their child to the State.' "  J.B. v. Fla. Dep't of Children & Family Servs., 768 So. 2d 1060, 1064 (Fla. 2000) (citing Santosky v. Kramer, 455 U.S. 745, 753 (1982)).

Under section 39.801(3)(a), Florida Statutes (2018), parents must be notified of an advisory hearing on a petition to terminate their parental rights, and the notice must meet certain requirements.  The advisory hearing is required for the purpose of determining whether parents will consent to termination, advising parents of their right to counsel, appointing counsel and, if necessary, a guardian ad litem for children, and ultimately setting the adjudicatory hearing.  See § 39.808, Fla. Stat. (2018).  The failure of a parent to personally appear at the advisory hearing constitutes consent by that parent for termination of their parental rights.  § 39.801(3)(d).  This default provision is necessary to ensure that a petition is not defeated by the parent's neglect of the proceeding and enables trial courts to bring the case to conclusion if the

---

P. 9.110(h), 9.146(a), we note that the preferred procedure would have been for the trial court to rule on the motion prior to entering the final judgment.  See, e.g., T.L.D. v. Dep't of Children & Family Servs., 883 So. 2d 910, 914 (Fla. 2d DCA 2004).  Alternatively, the parties could have requested that this court relinquish jurisdiction to the trial court to rule on the motion and, upon entry of the order, filed a separate notice of appeal.  See R.W. v. Dep't of Children & Families, 164 So. 3d 15, 17-18 (Fla. 1st DCA 2015).

parent elects not to participate. J.B., 768 So. 2d at 1067. But "courts should ordinarily refrain from determining a termination of parental rights by default when an absent parent makes a reasonable effort to be present at a hearing but is prevented or delayed by circumstances beyond the parent's control." C.B. v. Dep't of Children & Family Servs., 990 So. 2d 520, 523 (Fla. 2d DCA 2008) (quoting T.L.D. v. Dep't of Children & Family Servs., 883 So. 2d 910, 914 (Fla. 2d DCA 2004) (holding public policy favors an adjudication on the merits over a default when balancing the rights of a parent)).

It is undisputed that A.D. was served with notice of the advisory hearing and was represented by counsel and that the court had previously appointed a guardian ad litem for the children. All that remained at the advisory hearing was to set the matter for an adjudicatory hearing. This was not a case where the parent elected not to participate by their failure to appear at the advisory hearing. Instead, the attorney for A.D. advised the court of A.D.'s desire to appear at the advisory hearing via telephone due to car troubles and advised the court that she wanted to proceed to trial and contest the termination proceedings.

We have previously held it was error for a trial court to default a parent and terminate parental rights based on a parent's failure to personally appear where the parent's counsel appeared at the hearing, advised the court of the extenuating circumstances of the parent's absence, and requested permission for the parent's appearance by telephone. See L.S. v. Dep't of Children & Family Servs., 995 So. 2d 516, 517 (Fla. 2d DCA 2008) (concerning a parent's failure to appear at an adjudicatory hearing); accord F.M. v. Dep't of Children & Families, 95 So. 3d 378, 381-82 (Fla. 3d DCA 2012); B.H., Sr. v. Dep't of Children & Families, 882 So. 2d 1099, 1100-02 (Fla.

- 4 -

4th DCA 2004).  Under the circumstances presented in this case, the trial court abused its discretion in terminating A.D.'s parental rights based on her nonappearance, without affording her an opportunity to appear by phone for the limited purpose of explaining her absence.  After affording such an opportunity, the court could have made a determination on the record as to the reasonableness or genuineness of the explanation.  See F.M., 95 So. 3d at 382.  However, leaving this inquiry for a later day— after entering the final judgment terminating A.D.'s parental rights—was error. Accordingly, we reverse the final judgment terminating A.D.'s parental rights and remand for further proceedings consistent with this opinion.

Reversed and remanded.

KELLY and VILLANTI, JJ., Concur.