# Third District Court of Appeal

## State of Florida

Opinion filed June 18, 2025.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D24-2321
Lower Tribunal No. D20-15436-TP

_____


**F.D., the Father,**
Appellant,

vs.

**Department of Children and Families, et al.,**
Appellees.


An Appeal from the Circuit Court for Miami-Dade County, Scott M. Bernstein, Judge.

Kevin G. Thomas, for appellant.

Karla Perkins, for appellee Department of Children & Families; Laura J. Lee and Sara Elizabeth Goldfarb (Tallahassee); ShuffieldLowman, and Beth Kathryn Roland (Orlando), for appellee Guardian ad Litem.


Before GORDO, BOKOR and GOODEN, JJ.

BOKOR, J.

F.D. appeals from an order terminating his parental rights for failure to appear in person at an advisory (final) hearing. The salient issue, though, is the trial court's denial of F.D.'s motion to appear at the advisory hearing via Zoom. By denying F.D.'s motion to appear by Zoom, the trial court, applying section 39.801(3)(e), Florida Statutes, presumed consent to termination based on F.D.'s failure to appear. So did the trial court abuse its discretion in denying F.D.'s motion to appear by Zoom?[1] Based on a review of the record, the trial court acted within its discretion to deny F.D.'s motion and therefore properly determined that the failure to appear in person constituted consent for termination of parental rights under the statute.

F.D. contested the termination of his parental rights. But he couldn't appear in court in Miami for the advisory hearing because he was incarcerated in Iowa, twice. While F.D. was serving his terms of incarceration, the trial court granted motions that would've permitted F.D. to appear at the hearing by Zoom. But the prison officials didn't permit it, so the trial court granted continuances. Upon completion of his term of incarceration, F.D.'s sentence included time at a residential facility where, by all accounts, F.D. would have had access to Zoom and the necessary

---

[1] We review the denial of a motion to permit appearance by audio-video communication technology for abuse of discretion. See In re J.B., 990 So. 2d 520, 522–23 (Fla. 2d DCA 2008).

computer and camera equipment. At a calendar call before a substitute judge on November 27, 2024, F.D., appearing without counsel, moved ore tenus to appear by Zoom at the December 11, 2024 advisory hearing. The substitute judge denied the motion without prejudice to refiling a written motion to be considered by the presiding judge. The substitute judge also warned F.D. of the consequences of failing to appear in person. On December 10, 2024, the day before the advisory hearing, F.D., through counsel, filed a motion to appear via Zoom. The trial court heard the motion on December 11, 2024, at the beginning of the advisory hearing. F.D.'s motion seeks permission to appear by Zoom, not from the residential facility, but from locations unknown. F.D. left the residential facility without permission on November 15, 2024, and is currently a fugitive.[2] Upon being informed by F.D.'s motion (confirmed by counsel at the hearing) that this was the reason why F.D. could not appear in person, the trial court denied the motion and demanded F.D.'s personal appearance.

F.D. argues that the trial court abused its discretion in denying F.D. the ability to appear by Zoom as he was ready, willing and able to connect at the time of the hearing. See, e.g., B.H. v. Dep't of Child. & Fams., 882 So. 2d

---

[2] And apparently F.D. was already a fugitive at the time of his appearance by Zoom at the November 27, 2024 calendar call.

1099, 1102 (Fla. 4th DCA 2004) (finding trial court abused its discretion where B.H.'s "failure to appear personally was accompanied by a reasonable explanation"). Here, F.D.'s counsel offered that F.D.'s absenting himself from the residential facility (which facility would have allowed him to appear via Zoom) and his fugitive status as the purportedly "reasonable explanation" for why F.D. couldn't appear in person. It is true that "courts should ordinarily refrain from determining a termination of parental rights by default *when an absent parent makes a reasonable effort to be present* at a hearing *but is prevented or delayed by circumstances beyond the parent's control*." T.L.D. v. Dep't of Child. & Fam. Servs., 883 So. 2d 910, 914 (Fla. 2d DCA 2004) (emphasis added). But there's nothing "reasonable" about F.D.'s explanation here. F.D.'s failure to appear in person or from the residential facility by Zoom was within his control. F.D. chose to abscond from the residential facility and become a fugitive. The trial court was under no obligation to countenance or give comfort to F.D.'s fugitive status.

The trial court acted within its discretion—and the bounds of common sense—in denying F.D. permission to appear by Zoom while a fugitive from justice. Because the trial court did not abuse its discretion in denying the motion to appear by Zoom, the trial judge appropriately found that F.D.'s

4

failure to appear in person constituted consent for termination of parental rights under section 39.801(3)(e), Florida Statutes.

Affirmed.