# Third District Court of Appeal

## State of Florida

Opinion filed October 11, 2017.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D17-1302
Lower Tribunal No. 14-15785
_____

**M.P., the Mother,**
Appellant,

vs.

**Department of Children and Families, et al.,**
Appellees.

An Appeal from the Circuit Court for Miami-Dade County, Mark Blumstein, Judge.

Eugene F. Zenobi, Criminal Conflict and Civil Regional Counsel, Third Region, and Kevin Coyle Colbert, Assistant Regional Counsel, for appellant.

Karla Perkins, for the Department of Children and Families; Wendie Michelle Cooper, Beth Kathryn Roland and Thomasina F. Moore (Sanford), for the Guardian ad Litem Program, for appellees.

Paula Velazquez, Attorney ad Litem for A.D., minor child.

Before SALTER, FERNANDEZ and LINDSEY, JJ.

FERNANDEZ, J.

M.P., the mother, appeals the trial court's Order Denying the Motion to Set Aside and Vacate the Final Judgment of Termination of Parental Rights, entered after M.P.'s failure to attend the adjudicatory hearing on the petition. We affirm the trial court's denial, finding no abuse of discretion.

After M.P.'s failure to attend the adjudicatory hearing, the trial court entered an implied consent to termination, pursuant to section 39.801(3)(d), Fla. Stat. (2016), and proceeded to receive evidence that supported the termination of M.P.'s parental rights, as alleged in the Department of Children and Families' petition. Thereafter, the trial court entered a final judgment terminating M.P.'s parental rights as to her two minor children. M.P. moved to vacate the default/implied consent judgment, which the trial court denied because M.P. failed to prove a meritorious defense to section 39.806(1)(e)3, Fla. Stat. (2016).

We review the trial court's order denying M.P.'s Motion to Set Aside and Vacate the Final Judgment of Termination of Parental Rights under an abuse of discretion standard. C.B. v. Dep't of Children & Family Servs., 990 So. 2d 520, 522-523 (Fla. 2d DCA 2008). A motion to set aside a final judgment of termination of parental rights must establish "due diligence, demonstrate excusable neglect, and demonstrate the existence of a meritorious defense to the termination petition." Fla. Dep't of Children & Family Servs. v. P.E., 14 So. 3d 228, 236 (Fla. 2009),

citing to <u>In re A.N.D.</u> 883 So. 2d 910, 914 (Fla. 2d DCA 2004) and <u>E.S. v. Dep't of Children & Family Servs.</u>, 878 So. 2d 493, 496 (Fla. 3d DCA 2004).

After the hearing on the motion, the trial court found that M.P. failed to establish a meritorious defense as to Paragraph 20 of the Petition for Termination of Parental Rights, which alleged that the children "have been in care for any 12 of the last 22 months and the Mother has not substantially complied with the case plan so as to permit reunification." <u>See</u> § 39.806(1)(e)(3), Fla. Stat. (2016). Accordingly, the trial court properly denied the motion. Finding no abuse of discretion in the trial court's determination of M.P.'s motion, we affirm the order denying M.P.'s Motion to Set Aside and Vacate the Final Judgment of Termination of Parental Rights.

Affirmed.