# Third District Court of Appeal

## State of Florida

Opinion filed April 2, 2025.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D24-1609
Lower Tribunal No. D22-15623
_____

**F.E.O., the Mother,**
Appellant,

vs.

**Department of Children and Families, et al.,**
Appellees.

An Appeal from the Circuit Court for Miami-Dade County, Michelle Alvarez Barakat, Judge.

F.E.O., the Mother, in proper person.

Karla Perkins, for appellee Department of Children and Families; Sara Elizabeth Goldfarb, Statewide Director of Appeals, and Laura J. Lee, Assistant Director of Appeals (Tallahassee), for appellee Guardian ad Litem.

Before LOGUE, C.J., and EMAS and SCALES, JJ.

PER CURIAM.

Affirmed. See § 39.801(3)(e), Fla. Stat. (2024) ("If a parent appears for the advisory hearing and the court orders that parent to appear at the adjudicatory hearing for the petition for termination of parental rights, stating the date, time, and location of the hearing and, if applicable, instructions for appearance through audio-video communication technology, then failure of that parent to appear, either physically or, by agreement of the parties or at the discretion of the court, through audio-video communication technology, at the adjudicatory hearing constitutes consent for termination of parental rights."); M.P. v. Dep't of Children & Families, 230 So. 3d 512, 513 (Fla. 3d DCA 2017) ("We review the trial court's order denying M.P.'s Motion to Set Aside and Vacate the Final Judgment of Termination of Parental Rights under an abuse of discretion standard."); Canakaris v. Canakaris, 382 So. 2d 1197, 1203 (Fla. 1980) (observing that the "abuse of discretion" standard of review is highly deferential: "Discretion, in this sense, is abused when the judicial action is arbitrary, fanciful, or unreasonable, which is another way of saying that discretion is abused only where no reasonable [person] would take the view adopted by the trial court. If reasonable [people] could differ as to the propriety of the action taken by the trial court, then it cannot be said that the trial court abused its discretion.") (modernized) (citation omitted); see also E.S. v. Dep't of Children and Family, 878 So. 2d 493, 496 (Fla. 3d DCA

2

2004) (requiring, in the context of a motion to vacate a default entered upon a constructive consent to termination of parental rights, that "the party seeking to vacate the default act with due diligence, demonstrate excusable neglect, and demonstrate the existence of a meritorious defense to the termination petition.").